IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH R. FOX,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL OILWELL VARCO,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL POST-JUDGMENT DISCOVERY**<br>(**ECF No. 26**)<br><br>Case No.  2:13-cv-819-TC-EJF<br><br>Judge Tena Campbell<br><br>Magistrate Judge Evelyn J. Furse |

On September 5, 2013, Joseph Fox filed this action seeking to confirm an arbitration award.  (ECF No. 1.)  The parties—including several intervenors who were parties in the underlying arbitration—agreed to entry of a Stipulated Judgment and Order Confirming Arbitration Award, which the Court entered on October 24, 2013.  (ECF No. 25.)  Mr. Fox now moves this Court for an order compelling Respondent National Oilwell Varco, Inc. ("NOV") to respond to post-judgment discovery.  (ECF No. 26.)  The Court[1] has carefully considered the Motion and Memoranda submitted for and against Mr. Fox's Motion.[2]  Because no outstanding money judgment supports the post-judgment discovery Mr. Fox seeks, the Court DENIES his Motion.

---

[1] On December 27, 2013, Judge Tena Campbell referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(A).  (ECF No. 28.)

[2] The Court determined it could decide the Motion based on the briefing and does not need oral argument.  *See* DUCivR 7-1(f).

**BACKGROUND**

Mr. Fox and the other claimants in the underlying arbitration (collectively, "the claimants") founded IntelliServ, Inc. ("IntelliServ"), which they later sold and which NOV now controls.  (ECF No. 25-1 at 3–4.)  A sale agreement required NOV to make payments to the claimants based in part on product revenues pursuant to an earnout agreement.  (*Id.* at 5.)

In December 2012 the claimants filed a Demand for Arbitration with the American Arbitration Association seeking additional payments under the agreement.  (*Id.* at 3, 5.)  Before the Arbitration proceedings, NOV agreed to make some of the additional payments requested.  (*Id.* at 12.)  The Arbitration panel denied the remaining claims for additional payment.  (*Id.* at 11.)  Because the Arbitration panel found the claimants' Demand for Arbitration induced the settlement, the panel awarded the Arbitration's administrative fees and expenses against NOV and ordered NOV to reimburse the claimants accordingly.  (*Id.* at 13–14.)  NOV made this payment in October 2013.  (*See* ECF No. 29-4, -5.)

After this Court entered the parties' Stipulated Judgment and Order Confirming Arbitration Award Mr. Fox served NOV with interrogatories and requests for production.  (*See* ECF No. 26-1.)  NOV then served Mr. Fox with its objections and responses, and this Motion followed.  Mr. Fox seeks discovery regarding NOV's revenues on products to determine if NOV's payments subsequent to settlement meet the formula set forth in the earnout agreement.  (ECF No. 26 at 2.)  NOV argues Federal Rule of Civil Procedure 69 does not permit the discovery requests to which Mr. Fox seeks to compel responses.  The Court agrees.

**ANALYSIS**

Federal Rule of Civil Procedure 69 provides for post-judgment discovery in aid of a money judgment.  Fed. R. Civ. P. 69(a).  To that end, Rule 69 permits parties to make use of the

discovery procedures set forth in the Federal Rules of Civil Procedure or the state in which the court sits. Fed. R. Civ. P. 69(a)(2). But because the rule only applies in aid of a money judgment, "for [Rule 69] to apply a 'money judgment' must exist." *United States v. Varnado*, 447 F. App'x 48, 50 (11th Cir. 2011) (citing *Ziino v. Baker*, 613 F.3d 1326, 1328 (11th Cir. 2010)); *Hamilton v. MacDonald*, 503 F.2d 1138, 1148 (9th Cir. 1974). Here, no money judgment exists to provide a basis for discovery under Rule 69.

As noted above, the parties settled part of their dispute prior to the arbitration. The Arbitration Award specifically stated "Claimants take nothing on their claims to share revenues from NOV's sales of conventional drill pipe, mud pumps and winches" and "[a]ll claims and counterclaims not expressly granted herein are hereby denied." (ECF No. 25-1 at 11, 14.) The only portion of the Arbitration Award resembling a money judgment is the award of administrative fees and expenses against NOV. (*Id.* at 14.) NOV paid these costs, thus no outstanding money judgment exists to support Rule 69 discovery. Future payments due based on the formula in the earnout agreement do not constitute a money judgment. Neither the Arbitration Award nor the Order in this case changed the formula set forth in the earnout agreement. Moreover, even if they had changed the formula for future calculation, Rule 69 does not apply "to judgments that direct specific acts." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3011 (2d ed.) (citing *Hamilton*, 503 F.2d at 1148). Accordingly, the Court DENIES Mr. Fox's Motion.

**CONCLUSION**

For the reasons set forth above, the Court DENIES Petitioner's Motion to Compel Post-Judgment Discovery (ECF No. 26).

Dated this 23rd day of May, 2014.

BY THE COURT:

_Evelyn J. Furse_

Evelyn J. Furse
United States Magistrate Judge